Edward F. Dunne, Mayor of the City of Chicago, v. Mathias J. Kretzmann.

Gen. No. 12,784.

1. DRAM-SHOP LICENSE—*power of mayor to grant or refuse.* The mayor of a city is vested with a discretionary power to exercise a reasonable discretion in the granting or refusing of a dram-shop license.

2. DRAM-SHOP LICENSE—*when action of mayor in refusing to issue, not abuse of discretion.* Held, that the refusal of a dram-shop license for the conduct of a dram-shop in close proximity to a religious institution did not constitute an abuse of discretionary power.

*Mandamus* proceeding. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed, with directions. Opinion filed December 11, 1906.

W. D. BARGE, for appellant; JAMES HAMILTON LEWIS, of counsel.

GENTZEL & CRANE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judg-

ment rendered in a cause submitted to the court upon an agreed statement of facts, awarding a writ of *mandamus* commanding defendant, as mayor of Chicago, to issue to the relator a license to keep a dram-shop at 2146 North Clark street.

The ordinance of the city of Chicago provides "that the mayor shall from time to time grant licenses for the keeping of dram-shops within the city of Chicago to persons who shall apply to him in writing therefor and shall furnish evidence satisfying him of their good character."

The relator furnished satisfactory evidence of his good character, complied with all the requirements of the ordinance, and the mayor refused to grant him a license upon the ground alone that the place selected by the relator was not a proper place for a dram-shop because of its proximity to the premises owned and occupied by the House of the Good Shepherd, a religious and charitable institution, to which young girls are sent, with a view to their reformation, by their parents and by the "Juvenile Court of Cook County," and in which the inmates are under restraint and not permitted to leave the institution.

The question whether the mayor, under the same ordinance that is set forth in the agreed statement of facts in the case, is authorized to exercise a discretion in the granting of a license to keep a dram-shop, or whether on the presentation of an application for a license showing that the requirements of the ordinance have been complied with, he is compelled to grant the license, was before the Supreme Court in Harrison, Mayor, v. The People *ex rel.*, 222 Ill. 150, and it was held that the ordinance in question vested in the mayor "a discretionary power that may be reasonably exercised in the granting or refusing to issue a license."

Under this decision, the only question presented by this record is whether upon the facts of this

case, there was such an abuse of discretion on the part of the mayor as would justify the courts in compelling him to grant the license applied for.

The premises occupied by the House of the Good Shepherd are upon the east side of Racine avenue and extend north from the north line of Grace street to Byron street. On the west line of said premises is a brick wall ten feet high. North Clark street running southeasterly crosses Grace street about thirty feet west of Racine avenue. The building named in relator's application for a license is at the northeast corner of North Clark and Grace streets, about 125 feet west of the southwest corner of the premises of the House of the Good Shepherd; the lot upon which said building stands runs through to Racine avenue and is directly opposite the south end of the premises of the House of the Good Shepherd. The buildings in use by said institution when the application for a license was made, were situated at the north end of said premises, 500 feet from the building named in said application, but said institution was then erecting a building on its premises, to be used for the same purposes for which its other buildings were used, between 250 and 275 feet from the building named in the application for a license.

It was said in Harrison v. The People, *supra,* that "the authorities authorized to grant the license cannot arbitrarily refuse the same, nor discriminate between persons, places and regulations pertaining to the business without reasonable grounds therefor." In that case the license was refused because the building selected by the applicant for his dram-shop was in the immediate vicinity of the buildings and playgrounds of a public school, and it was held that there was no such abuse of discretion on the part of the mayor as would justify the courts in compelling him to grant the license applied for.

We find nothing in the facts of this case tending

to show that the mayor acted arbitrarily or was controlled by passion or prejudice in the exercise of the discretion vested in him, but are of the opinion that the only just conclusion that can be drawn from the facts is, that in the exercise of that discretion, he was controlled by judgment and refused the license because of his conviction that the best interests of the people, and especially of the inmates of the House of the Good Shepherd, required that relator's application for a license be denied.

The judgment of the Superior Court will be reversed and the cause remanded with directions to dismiss the petition.

*Judgment reversed with directions.*